# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1426 | **DATE** | 5/20/2003 |
| **CASE TITLE** | Fowler vs. Boykin et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 7/8/2003 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We dismiss the denial of meaningful access to the court claim alleged against Collier pursuant to 28 U.S.C. § 1915A(b)(1). Also, all claims against defendants Boykin, Sheahan and O'Reilly are dismissed. We also dismiss the complaint to the extent that it alleges a procedural due process claim based on the alleged refusal to allow Fowler to introduce the video tape from the law library at the disciplinary hearing. The procedural due process claim and substantive due process claim against Collier remains. The Clerk shall issue summons for service of the complaint only on defendant Collier. The U.S. Marshal's Service is appointed to serve defendant with process. Clerk of Court is directed to transmit a certified copy of this order to the U.S. Marshal's Service. Plaintiff is given instruction regarding filing and serving documents.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 21 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | ED-7 FILED FOR DOCKETING | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 MAY 20 PM 4: 03 | | |
| SCT | courtroom deputy's initials | CLERK U.S. DISTRICT COURT | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PETER FOWLER, )
)
        Plaintiff, )
)
vs. ) 03 C 1426
)
MARVIN BOYKIN, Law Library Supervisor; )
SGT. (JANE) COLLIER, Badge No. 922; )
LAWRENCE X. O'REILLY, Assistant State's )
Attorney; MICHAEL F. SHEAHAN, Sheriff of )
Cook County, )
)
        Defendants. )

**DOCKETED**
**MAY 21 2003**

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter is before the court on the 28 U.S.C. § 1915A review of Plaintiff Peter Fowler's ("Fowler") complaint. For the reasons stated below we dismiss the complaint in part.

### BACKGROUND

Fowler, a pretrial detainee at the Cook County Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983"). Fowler claims that Defendants violated his constitutional rights by interfering with his access to the courts and by denying him due process. Fowler alleges that he was repeatedly

denied access to the prison law library by Marvin Boykin ("Boykin"), the librarian, despite the fact that the trial judge had issued an order allowing Fowler access to the law library until his court date on March 18, 2002. Fowler claims that he filled out a grievance and gave the grievance to Sergeant Collier ("Collier"), and that fifteen minutes later Collier searched Fowler's cell in retaliation for the filing of the grievance. Collier found pages ripped from books in the law library and other materials from the law library in Fowler's cell. Fowler claims that he showed Collier legal materials on the counter in the common area and told Collier that he obtained the materials found in his cell from the counter rather than from the library. Fowler further alleges that Collier took the materials from the counter, threw them in the trash can, and refused to acknowledge that she ever saw the materials on the counter. The prison guard on the tier at the time of the incident allegedly saw Collier throwing out the materials, but told Fowler that he could not "get involved." Fowler also claims that another prisoner saw Collier throwing the materials in the trash can. Fowler was charged with taking law library materials and damaging library materials and was found guilty in a disciplinary hearing before a disciplinary hearing board. Fowler claims that his due process rights were violated at the disciplinary hearing because he was not allowed to introduce as evidence a video tape from a security camera in the law library which Fowler contends would prove that he is innocent. On April 3, 2002, after Fowler was

found guilty by the disciplinary board, the trial judge entered an order denying Fowler access to the prison law library. By minute order of March 5, 2003, we denied Fowler leave to proceed *in forma pauperis*. Fowler has now paid the full statutory filing fee as directed.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915A, a district court is required to conduct a prompt initial review of civil actions brought by prisoners against governmental entities or employees. The review is to be done before docketing or "as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The court must dismiss the complaint to the extent that it "is frivolous, malicious, or fails to state a claim upon which relief may be granted[,] or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). We also note that Fowler has filed his complaint *pro se* and thus his complaint is entitled to a liberal reading. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972)(stating that a *pro se* complaints are held to a less stringent standard than those prepared by attorneys).

## DISCUSSION

I. Procedural Due Process Claim

Fowler claims that he was denied due process at the disciplinary hearing because Collier's false report was relied upon, witnesses were pressured not to testify on his

behalf, and he was not allowed to introduce a video tape as evidence. To state a Section 1983 claim for a violation of the right to procedural due process a plaintiff must allege that he was deprived of an interest protected by the Constitution or laws of the United States without legal due process and the actor that caused the deprivation is a state actor. *Wright v. Associated Insurance. Cos. Inc.*, 29 F.3d 1244, 1249 (7th Cir. 1994). *See also Rapier v. Harris*, 172 F.3d 999, 1004-05 (7th Cir. 1999) (stating that a pretrial detainee can be punished for misconduct while in pretrial custody, but, the detainee is entitled to some type of "procedural protection" to ensure that his due process rights are not violated). We note that although Fowler contends that his due process rights were violated at the disciplinary hearing because he was not allowed to introduce the video tape as evidence, Fowler does not allege that any of the named defendants took part in the decision to preclude the introduction of the tape. Therefore, we dismiss the complaint to the extent that it is based on the refusal to allow in the video tape as evidence at the disciplinary hearing.

Fowler claims that he was denied due process because the disciplinary committee relied on the false report prepared by Collier and witnesses refused to testify on Fowler's behalf. To satisfy a prisoner's due process rights a prison disciplinary board must: 1) provide the prisoner with written notice of the charge, 2) allow the prisoner to appear at hearing, 3) allow the prisoner to call witnesses and present

documentary evidence to the extent that it does not interfere with other institutional interests, and 4) provide the prisoner with a written statement of reasons for the disciplinary board's ultimate decision. *Black v. Lane*, 22 F.3d 1395, 1402 n.9 (7th Cir. 1994). If a prisoner alleges that a disciplinary hearing ruling is based on false testimony by prison officials, then the prisoner may state a claim for a violation of his procedural due process rights. *See id.* at 1402 (7th Cir. 1994) (holding that prisoner stated a claim alleging a violation of his procedural due process rights where he alleged that prison guards filed false disciplinary charges which were repeatedly approved by disciplinary board despite the fact that the charges were "not supported by some evidence.").

Fowler claims that the disciplinary board based its ruling on the false report submitted by Collier. In addition he also alleges that the tier guard saw Collier throw out the materials but told Fowler that he would not get involved. Fowler also alleges that another prisoner saw Collier throw out the materials. A reasonable inference from the complaint is that neither the tier guard or the other prisoner testified at the disciplinary hearing. Perhaps Fowler could have called them as witnesses and chose not to, but we have no such information before us. The fact that the tier guard refused to come forth on Fowler's behalf and the fact that the other prisoner did not testify raises concerns that they felt pressured not to speak out on Fowler's behalf. Thus, there

-5-

are indications from the complaint that Fowler's right to call witnesses was hindered by Collier as well. Therefore, we find that the procedural due process claim against Collier stands.

II. Substantive Due Process Claim

If a prison guard files false charges against a prisoner, the filing of the false "disciplinary charges can amount to a violation of substantive due process if the charges were in retaliation for the exercise of a constitutional right." *Black*, 22 F.3d at 1402. To state a claim for retaliation a prisoner need only allege "a chronology of events from which retaliation may plausibly be inferred." *Cain v. Lane*, 857 F.2d 1139, 1143 n. 6 (7th Cir. 1988). Retaliation against a prisoner for filing a grievance may be unconstitutional because the filing of a grievance may constitute speech that is protected by the free speech or petition clauses of the First Amendment or by the right of meaningful access to the courts. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Geder v. Godinez*, 875 F. Supp. 1334, 1338 (N.D. Ill. 1995). *See also Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996).

In *Zimmerman v. Tribble*, 226 F.3d 568 (7th Cir. 2000), the Seventh Circuit dealt with a set of facts similar to the ones before us. In *Zimmerman*, the appellate court evaluated a district court's 28 U.S.C. § 1915A review, which is the type of review now before us. 226 F.3d at 571, 573. In *Zimmerman*, the plaintiff inmate

brought a Section 1983 action and alleged that the prison librarian denied him access to the prison library. *Id.* at 573. In the case before us, Fowler asserts that Boykin initially denied him access on March 25, 26, 27, 28, and 29, 2002. The plaintiff in *Zimmerman* alleged that he filed a grievance against the librarian and that the librarian continued to deny him access to the library in retaliation for the filing of the grievance. *Id.* Fowler has made the same allegations in the case before us. However, Fowler's case is distinguishable because, unlike in *Zimmerman*, there was a court order prohibiting Boykin from allowing Fowler into the library after April 3, 2002. Also, the exhibits submitted by Fowler clearly indicate that the order giving him permission to use the library expired on March 18, 2002. Therefore, we find that there is no retaliation claim stated against Boykin. Fowler does allege that Collier searched his cell fifteen minutes after Fowler gave Collier the grievance against Boykin and filed the false charges against Fowler. These allegations are sufficient to allege that Collier filed false charges in retaliation for the filing of the grievance. Therefore, the retaliation claim against Collier stands.

III. <u>Right of Meaningful Access to Courts Claim</u>

Fowler claims that Boykin and Collier denied him access to the prison library. Although Collier did not have the ability to deny Fowler access to the library, Fowler's complaint can be read to allege that Collier purposefully filed the false report knowing

<em>-7-</em>

that it was likely that Fowler would lose his library privileges and with the intent that Fowler lose the privileges.

Prisoners have a constitutional right to "adequate, effective, and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822. There is no absolute rule that prisoners must be allowed access to a law library. *See Lewis v. Casey*, 518 U.S. 343, 350-51, 356 (1996) (stating that a law library is only one possible way to ensure that prisoners have meaningful access to the courts) (also stating that even if a library is provided, prisoner's are only entitled to limited access to the library to pursue certain types of claims and not to "transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims."); *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 323 (7th Cir. 1995) (stating that, while inmates do have a right of meaningful access to the courts, that right does not encompass any unfettered right of access to prison law libraries); *Martin v. Tyson*, 845 F.2d 1451, 1456 (7th Cir. 1988) (indicating that inmate was not denied meaningful access to the courts because there was no prison law library and stating that the right to meaningful access is generally satisfied if the inmate is represented by counsel and he cannot "point to any claim that he was unable to pursue.").

A. Court Orders and Claim Against Boykin

Fowler maintains that he was wrongfully denied access to the jail law library by Boykin on March 25, 26, 27, 28, 29 and continually after April 3, 2002. Boykin could

not have violated Fowler's constitutional rights by denying Fowler access to the law library on April 3, 2002, or anytime thereafter, because the trial judge issued a court order suspending Fowler's library privileges on April 3, 2002. Boykin cannot be at fault for refusing to admit Fowler into the library on March 25, 26, 27, 28, and 29 because, according to the trial court transcript provided by Fowler, the court order that gave permission for Fowler to use the law library stated that he could use the library until his next court date scheduled on March 18, 2002. It is also clear from the trial court transcript that Fowler never requested that the time be extended to allow further access to the library. Boykin was obligated to obey court orders and thus Fowler does not state a meaningful access claim against Boykin.

B. Failure to State an Injury

Although the complaint contains allegations that Collier and Boykin wrongfully attempted to deny Fowler access to the library, Fowler does not state a claim against Boykin or Collier for a denial of meaningful access to the courts because Fowler does not allege that he suffered any prejudice as a result of being denied access to the law library. An inmate alleging that he was denied meaningful access to the courts must show that he suffered an actual injury as a result of the impediment. *Lewis*, 518 U.S. at 349, 354-55; *Martin*, 845 F.2d at 1456. It is not sufficient for inmates to merely allege that they did not have access to the prison library. *Lewis*, 518 U.S. at 351.

Rather inmates must show an actual injury by indicating that the lack of access "frustrated" or "impeded" "non-frivolous" legal claims, *id.* at 351-354, and that the claims that were frustrated involved "direct appeals from the convictions for which they were incarcerated" or "civil rights actions . . . to vindicate basic constitutional rights." *Id.* at 354. Thus, to survive a 12(b)(6) motion to dismiss or, as in this case, a 28 U.S.C. § 1915A review that requires reference to the 12(b)(6) standard, the complaint, when viewed under the liberal standards of Rule 12(b)(6), must allege that the inmate was prejudiced by the alleged impediment to the legal system. *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000); *Clay v. Rice*, 2001 WL 1380526, *6 (N.D. Ill. 2001); *Jones v. Sheahan*, 2000 WL 1377114, *4 (N.D. Ill. 2000); *Speights v. State*, 2000 WL 263700, *3 (N.D. Ill. 2000); *Lewis v. Sheahan*, 35 F. Supp. 2d 633, 637-38 (N.D. Ill. 1999). *See also Walters v. Edgar*, 163 F.3d 430, 434 (7th Cir. 1999) (stating that if a denial of access to the courts "had no effect on legal relief sought by the plaintiff, [then] no right has been violated.").

Fowler merely complains that he was denied access to the law library. He does not state that he could not file a particular claim or motion or respond to claims or motions brought against him because of his inability to use the law library. We have no way of knowing why Fowler wanted access to the law library and we are not required to resort to utter speculation to fill in the gaps in his complaint. The only clue

as to why Fowler wanted to go to the library is found in a grievance filed on March 31, 2002, that he provides as an exhibit in which he states that he has "a very important legal matter that must be done." Fowler does not allege in his complaint that he suffered any legal setbacks as a result of the access denial or specify what claims he was unable to bring as a result. Even if we assume that the above statement accompanied by his claim that he was denied access to the library was sufficient to state that he was unable to pursue a claim, we will not speculate that the claim was a non-frivolous claim of the type covered by the injury rule. *Lewis*, 518 U.S. at 351-55. Therefore, we dismiss the meaningful access claims against Boykin and Collier.

IV. Michael F. Sheahan

Fowler has alleged no facts establishing Michael F. Sheahan's ("Sheahan") direct, personal involvement, as required by *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Nor has Fowler shown that the alleged violation of his constitutional rights occurred at Sheahan's direction or with his knowledge and consent. *Id.* The mere fact that Sheahan is the Sheriff of Cook County is insufficient to establish liability, as the doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Sheahan is not even mentioned in the body of the complaint. Therefore, the complaint must be dismissed as to defendant Sheahan.

V. <u>Lawrence O'Reilly</u>

The only involvement of defendant Lawrence O'Reilly ("O'Reilly), a Cook County Assistant State's Attorney, was to seek a court order revoking Fowler's law library privileges. According to both the complaint and the attached transcript of the state court proceedings, O'Reilly was informed by jail officials that Fowler had destroyed law library property and created a disturbance there. On a prior occasion the trial judge had issued an order allowing Fowler access to the prison law library. O'Reilly stated that he was also informed that Fowler had been going to the library after the expiration of the judge's prior order. O'Reilly was thus acting on a request from jail officials. O'Reilly's actions did not violate any of Fowler's constitutional rights. Therefore we dismiss all claims against O'Reilly.

**CONCLUSION**

For the foregoing reasons, we dismiss the denial of meaningful access to the courts claim alleged against Collier pursuant to 28 U.S.C. § 1915A(b)(1). Also, all claims against Defendants Boykin, Sheahan, and O'Reilly are dismissed. We also dismiss the complaint to the extent that it alleges a procedural due process claim based on the alleged refusal to allow Fowler to introduce the video tape from the law library at the disciplinary hearing. The procedural due process claim and the substantive due process claim against Collier remains. The clerk shall issue summonses for service of

the complaint only on Defendant Collier. The United States Marshal's Service is appointed to serve Defendant with process. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Federal Rule of Civil Procedure 4(d)(2) before attempting personal service on the defendant.

Fowler is instructed to file all papers concerning this action with the clerk of court in care of the Prisoner Correspondent. In addition, Fowler must send an exact copy of any filling to Defendant or to defense counsel once an attorney has entered an appearance on behalf of Defendant. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of the mailing. Fowler must provide the court with the original plus one copy of every document filed. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to Fowler.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: MAY 2 0 2003