# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1426 | **DATE** | 4/15/2004 |
| **CASE TITLE** | Fowler vs. Boykin et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Collier's motion (Doc 22-1) to dismiss the complaint as to her is granted. All matters in controversy having been resolved, final judgment is hereby entered in favor of all defendants and against plaintiff.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 16 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | SCT courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PETER FOWLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 03 C 1426 |
| | ) | |
| MARVIN BOYKIN, Law Library Supervisor; | ) | |
| SGT. (JANE) COLLIER, Badge No. 922; | ) | |
| LAWRENCE X. O'REILLY, Assistant State's | ) | |
| Attorney; MICHAEL F. SHEAHAN, Sheriff of | ) | |
| Cook County, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

DOCKETED
APR 1 6 2004

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on a motion by Defendant Gail Collier to dismiss the complaint as to her. For the reasons set forth below, the motion is granted.

## BACKGROUND

Plaintiff Peter Fowler is an inmate at the Menard Correctional Center in Menard, Illinois. At the time of the events pertinent to this case, Fowler was awaiting trial in the Cook County Correctional Center. In his complaint, Fowler alleges that the four defendants violated his constitutional rights by interfering with his access to the courts and by denying him both substantive and procedural due process. Specifically, he

claimed that the prison law librarian refused to allow him access to the library while he was preparing for a court appearance. Fowler claims that he filled out a grievance, which he gave to Defendant Collier to file on April 1, 2002. According to the complaint, minutes after he gave her the document, Collier searched his cell in retaliation for his filing the grievance. During the search, Collier discovered legal materials that she believed Fowler had stolen from the library. Fowler insisted that he had obtained the papers lawfully, but Collier was unpersuaded.

A disciplinary hearing was held on April 5, and Fowler was found guilty of damaging and unlawfully taking law library materials. As a result, he was sent to a segregation unit for 20 days. In February of the following year, Fowler filed the complaint in this case, alleging claims under 42 U.S.C. § 1983 and seeking a total of $96 million in damages.

On May 21, 2003, we considered the complaint's viability as required by 28 U.S.C. § 1915A. The claims against Defendants Marvin Boykin, Lawrence O'Reilly, and Michael Sheahan were dismissed, as well as one claim against Collier and any procedural due process claim founded in the alleged refusal to allow Fowler to present certain evidence at the disciplinary hearing. However, two due process claims remained against Collier. She now moves to dismiss the complaint for failure to

exhaust administrative remedies as required by the Prisoner Litigation Reform Act ("PLRA").

## LEGAL STANDARD

The PLRA dictates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA helps to "reduce the quantity and improve the quality of prisoner suits," by "afford[ing] corrections officials time to address complaints internally." Porter v. Nussle, 534 U.S. 516, 524-25, 122 S. Ct. 983, 988 (2002). The PLRA also works to "limit judicial intervention in the management of state and federal prisons." McCoy v. Gilbert, 270 F.3d 503, 509-510 (7th Cir. 2001). The Supreme Court has recently held that this requirement applies to every suit filed by a prisoner regarding events occurring during his or her incarceration, whether ongoing or isolated. Porter, 534 U.S. at 524, 122 S. Ct. at 988. For these reasons Congress requires prisoners to exhaust their administrative remedies. If a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, "then the prisoner must utilize that administrative system before filing a claim." Massey v. Helman, 196 F.3d 727, 733 (7th Cir. 1999). If a prisoner plaintiff fails to exhaust his administrative remedies before filing suit, the district court must dismiss the complaint

without reaching the merits. Perez v. Wis. Dept. of Corr., 182 F.3d 532, 535-36 (7th Cir. 1999).

## DISCUSSION

In support of her motion to dismiss, Collier refers to the answers Fowler provided within the section of his form complaint entitled "Exhaustion of Administrative Remedies." There, Fowler states that a grievance procedure is available at his institution (at that time, Cook County Correctional Institution) but that he has not filed a grievance concerning the factual allegations contained within his complaint. By way of explanation for this failure, Fowler says only that he has filed a § 1983 suit. He also states that he did not complain to the authorities at his institution because a "grievance can't solved [sic] this matter." According to Collier, this collection of admissions is fatal to Fowler's ability to pursue his suit against her. We agree.

There is some question as to the accuracy of all of Fowler's statements regarding his pursuit of remedies within his institution—attached to the complaint is a copy of a grievance form involving the same situation detailed in the complaint, dated April 1, 2002.[1] Thus, it appears that Fowler at one point did not believe that a grievance could not solve the matter, but the section on the form in which the inmate is permitted to

---

[1] Fowler's statement that Collier hijacked his grievance is of no moment. It pertains to a grievance other than the one at issue here, namely that regarding Collier's alleged actions on April 1, not the earlier grievance that addressed only Boykin.

-4-

request an appeal of the decision is left blank. In the absence of any contrary allegation, we can only conclude that Fowler never attempted to appeal the outcome of his grievance, apparently after concluding that to do so would be futile.[2] In Perez, the Seventh Circuit rejected any notion of a futility exception to the PLRA exhaustion requirement. 182 F.3d at 537. There is no room for a court or a plaintiff to speculate whether exhaustion would be unavailing under the specific circumstances of each case. Id. If a remedy exists, a plaintiff must pursue it as far as possible before bringing suit in federal court. Otherwise, administrative personnel are deprived of their ability to respond to problems at their institutions. The allegations within the complaint unequivocally indicate that Fowler has jumped the gun in filing the instant suit. As such, we cannot consider the merits of his claims.

## CONCLUSION

Based on the foregoing analysis, Collier's motion to dismiss the complaint as to her is granted.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: APR 1 5 2004

---

[2] In his response, Fowler also makes passing reference to the idea that a prisoner who is prevented from exhausting by prison personnel can be excused from satisfying the requirement. However, nothing in the complaint indicates that Fowler was so prevented, and the inclusion of the April 1 grievance form directly contradicts such a conclusion.